IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DeANNA K. SIMON,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA; SHERIFF OF CASCADE COUNTY,<br><br>Respondents. | Cause No. CV 14-67-GF-BMM-RKS<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner DeAnna Simon's application for writ of habeas corpus under 28 U.S.C. § 2241. Ms. Simon is a state prisoner proceeding pro se.[1]

Ms. Simon did not pay the filing fee or move to proceed in forma pauperis, but there is no need to delay resolution of this matter on that account. The petition should be dismissed because Ms. Simon has not exhausted her remedies in the courts of the State of Montana. A state prisoner must exhaust state judicial remedies, in the manner prescribed by state law, before filing a habeas petition in federal court. *E.g. Carden v. Montana*, 626 F.2d 82, 83 & n.1 (9th Cir. 1980); *Ex parte Royall*, 117 U.S. 241, 251 (1886); *see also e.g. McNeely v. Blanas*, 336 F.3d

---

[1] Ms. Simon refers to another petition filed under her name by one John Munson. That petition was dismissed on the same day it was filed. *Simon v. Sheriff, Cascade County*, No. CV 14-61-GF-DWM (D. Mont. filed & dismissed Aug. 28, 2014).

1

822, 824-26 (9th Cir. 2003) (describing petitioner's filings in state court prior to award of federal habeas relief). The petition provides no reason to believe that exhaustion has occurred. The records of the Montana Supreme Court show no action in Simon's name.

Because Ms. Simon's petition should be dismissed, her motion for a hearing (Doc. 3) is denied.

A certificate of appealability should be denied. Regardless of whether Ms. Simon meets the standard of 28 U.S.C. § 2253(c)(2), she must exhaust her claims in state court before she may file in federal court. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

**ORDER**

1. The Clerk of Court shall waive payment of the filing fee.

2. Ms. Simon's motion for a hearing (Doc. 3) is DENIED.

The Court also enters the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DISMISSED for lack of exhaustion.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Ms. Simon may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Ms. Simon must immediately notify the Court of any change in her mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to her.

DATED this 25th day of September, 2014.

    /s/ Keith Strong
    Keith Strong
    United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.