IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DeANNA K. SIMON,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA; SHERIFF OF CASCADE COUNTY,<br><br>Respondents. | CV 14-67-GF-BMM<br><br><br><br>ORDER |

DeAnna K. Simon filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on September 11, 2014. (Doc. 1). Simon also moved for a hearing on the application. (Doc. 3). Simon is a state prisoner proceeding pro se.

United States Magistrate Judge Keith Strong entered Findings and Recommendations in this matter on September 25, 2014. (Doc. 4). Judge Strong recommended that this Court dismiss Simon's Petition based upon her failure to exhaust state judicial remedies and that this Court deny a certificate of appealability. Judge Strong denied Simon's motion for a hearing.

Simon filed a Notice of Change of Address on September 29, 2014. (Doc. 7). Mail sent to Simon at the Cascade County Detention Facility was returned and remailed to Simon at the Montana State Hospital on October 3, 2014, where she is

1

currently housed. (Doc. 8). Simon had 14 days to object to Judge Strong's Findings and Recommendations. Simon submitted objections to Judge Strong's Findings and Recommendations sometime after October 20, 2014. (Docs. 10-29). Simon failed to object within 14 days of service as required under 28 U.S.C. § 636(b)(1). The Court declines to review Simon's untimely objections.

When a party fails to make timely written objections, the Court need not review *de novo* the proposed Findings and Recommendations. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). This Court will review Judge Strong's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court finds no clear error in Judge Strong's Findings and Recommendations and adopts them in full. Federal courts do not entertain habeas corpus challenges to state court proceedings unless the petitioner has exhausted state avenues for raising federal claims. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). To exhaust state remedies, a petitioner must present each claim to the state's highest court and the state's highest court must dispose of each claim on its merits. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Simon's Petition provides no reason to believe that exhaustion has occurred. Montana Supreme Court records show no action in Simon's name.

A prisoner denied habeas relief must obtain a certificate of appealability before an appeal may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate will be issued only if the requirements of 28 U.S.C. § 2253(c)(2) have been satisfied and all state remedies have been exhausted. *Miller-El*, 537 U.S. at 336. Regardless of whether Simon fulfills § 2253(c)(2)'s requirements, Simon has failed to exhaust her claims in state court.

**IT IS HEREBY ORDERED:**

1. The Petition (Doc. 1) is DISMISSED for lack of exhaustion.

2. A certificate of appealability is DENIED.

3. The Clerk is directed to enter by separate document a judgment of dismissal.

DATED this 8th day of December, 2014.

Brian Morris
United States District Court Judge